IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THEODORE C. LEHMIER,** | : | CIVIL ACTION NO. 1:09-CV-0478 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **DOUGLAS J. AUSTEN**, *et al.*, | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 15th day of April, 2009, upon consideration of defendants' motion (Doc. 18) to set aside the notice of default (Doc. 17) filed on October 10, 2008 and the subsequent entry of default by the Clerk of Court for the United States District Court for the Eastern District of Pennsylvania on October 21, 2008,[1] and it appearing that the Clerk entered default because defendants neglected to answer the complaint, (id.), and that the instant matter was transferred to this court on February 10, 2009, (see Doc. 25), and it further appearing that the court possesses discretion to set aside a default upon a showing of good cause, see FED. R. CIV. P. 55(c), 60(b)(6), and that the court must consider (1) whether setting aside the default will prejudice plaintiff, (2) whether defendants' allegations, if proven at trial, may

---

[1] On October 10, 2008, the Clerk of Court entered a notice indicating that defendants had failed to answer the complaint and stating that plaintiff's claims could be subject to dismissal unless plaintiff moved for entry of default under Rule 55(a). Defendants' filed the instant motion on October 17, 2008 requesting that the notice of default be set aside. Plaintiff then moved for entry of default under Rule 55(a) on October 21, 2008, and the Clerk of Court entered default the same day. (Doc. 19.) To expedite the progress of this litigation, the court has construed the instant motion as a request to set aside *both* the notice of default (Doc. 17) entered on October 10 and the Clerk's default entered pursuant to Rule 55(a) on October 21.

constitute a meritorious defense to liability, and (3) whether the default resulted from conduct for which defendant is culpable, see <u>Dambach v. United States</u>, 211 F. App'x 105, 109 (3d Cir. 2006); <u>United States v. $55,518.05 in U.S. Currency</u>, 728 F.2d 192, 195 (3d Cir. 1984), and the court concluding that setting aside the notice and default will not prejudice plaintiff, who will remain able to conduct discovery and prosecute his claims, and that defendants may possess a meritorious defense under the doctrine of qualified immunity,[2] (<u>see</u> Doc. 18 at 6), and the court further concluding that defendants did not file an answer because the parties were engaged in litigation regarding the transfer of venue to this court at the time the answer was due, (<u>see</u> Docs. 8, 14, 16), that defendants reasonably believed that they would be permitted to file an answer after resolution of the transfer issue, (<u>see</u> Doc. 18 at 5), and that—notwithstanding their failure to answer the complaint—defendants have vigorously defended against plaintiff's claims, (<u>see, e.g.</u>, Docs. 8, 16, 20, 23), and the court therefore finding that the notice and default did not result from culpable conduct by defendants and that good causes exists to set them aside, it is hereby ORDERED that:

1. The motion (Doc. 18) to set aside the notice of default and the entry of default is GRANTED.

2. The notice of default (Doc. 17) and the entry of default by the Clerk of Court on October 21, 2008 are SET ASIDE.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Of course, the court expresses no opinion regarding whether such a defense may remain viable in light of facts ascertained during discovery.