## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THEODORE C. LEHMIER,** | : | CIVIL ACTION NO. 1:09-CV-0478 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **DOUGLAS J. AUSTEN,** **COREY L. BRITCHER,** and **TERRENCE KANE,** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 6th day of August, 2010, upon consideration of the report of the magistrate judge (Doc. 59), recommending that the motion (Doc. 43) for summary judgment, filed by plaintiff Theodore C. Lehmier ("Lehmier"), be denied because Lehmier has not shown that he is entitled to judgment as a matter of law, and recommending that the motion (Doc. 45) for summary judgment, filed by defendants Douglas J. Austen, Corey L. Britcher, and Terrence Kane (collectively "defendants"), be granted because Lehmier failed to present sufficient evidence to support his first, second, and fourth causes of action, and because Lehmier's third and fifth causes of action are collateral attacks upon Lehmier's state court conviction,[1] and upon further consideration of the objections (Doc. 61) to the report

---

[1] Lehmier's first cause of action is for First Amendment retaliation; his second cause of action is for violation of his Fourteenth Amendment right to equal protection; his third cause of action is a challenge to his state conviction; his fourth cause of action is for violation of his First Amendment rights; and his fifth cause of action is for violation of his Fourteenth Amendment right to due process.

filed by Lehmier,[2] and defendants' brief (Doc. 62) in opposition to Lehmier's objections, and, following an independent review of the record, it appearing that there are disputed issues of material fact as to the adverse action suffered by Lehmier as a result of the defendants' alleged retaliation, and that there are disputed issues of material fact as to the causal link between the exercise of

---

[2] This matter involves cross-motions for summary judgment. In order to prevail on their respective motions, each movant must show that no genuine issue of material fact exists and that they are entitled to a judgment as a matter of law. See Schlegel v. Life Ins. Co. of N. America, 269 F. Supp.2d 612, 615 n.1 (E.D. Pa. 2003). When reviewing each motion, the court must view the evidence, and all justifiable inferences to be drawn from the evidence, in the light most favorable to the non-moving party. See e.g. Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001).

Lehmier argues that the magistrate judge erred in denying his motion for summary judgment. (Doc. 61 at 16.) However, Lehmier has simply not offered sufficient evidence to show that he should be granted summary judgment, regardless of the favorable light, and his objections do little to help his cause.

Lehmier also objects to the recommendation that the defendants' motion for summary judgment be granted. (Doc. 61 at 11.) However, he only appears to object to the granting of summary judgment for the defendants on his first and fourth causes of action, both of which relate to his First Amendment rights. See supra note 3.

Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009). "[T]he failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court." Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987). As a matter of good practice, however, the Third Circuit Court of Appeals expects district courts to "afford some level of review to dispositive legal issues raised by the report." Id. at 878. The district court will review the magistrate judge's report for "clear error on the face of the record." Cruz v. Chater, 990 F. Supp. 375, 375-78 (M.D. Pa. 1998).

There is no clear error on the face the report, as it pertains to Lehmier's second, third, and fifth causes of action. The court will thus adopt the report of the magistrate judge with regard to those issues and address the first and fourth causes of action separately. See supra note 3.

2

Lehmier's constitutionally protected conduct and the alleged retaliatory adverse action,[3] it is hereby ORDERED that:

---

[3] Lehmier's first and fourth causes of action are closely aligned. He claims he was retaliated against for engaging in protected First Amendment conduct. Despite Lehmier's objection to the magistrate judge's legal analysis, I conclude that the magistrate judge used the correct three-step test for retaliation, as reported in Carter v. McGrady, 292 F.3d 152, 158 (3d Cir. 2002). (Doc. 59 at 28). However, I reach a different result when applying the Carter test to the facts of record.

The first step is to show that the conduct at issue is constitutionally protected. Carter, 292 F.3d at 158. There is no doubt that Lehmier's conduct between the time of the incident at Raystown Lake and the suspension of his boating privileges meets this criteria.

The second step requires Lehmier to demonstrate that he "suffered 'adverse action' at the hands" of the defendants. Id. Adverse action is defined as action that "was sufficient to deter a person of ordinary firmness from exercising his rights." Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000). A mere recommendation for a suspension, within normal parameters for an offense like Lehmier's, is typically not adverse on its own. However, a reasonable jury could determine the recommendation for suspension, issued by two defendants, which materialized into an actual suspension, issued by the third defendant, is sufficient to deter a person of ordinary firmness. Hence, Lehmier has "presented sufficient evidence to survive summary judgment" on that issue. Rauser, 241 F.3d at 333.

The third step of a retaliation claim is showing that the constitutionally protected conduct was a "substantial or motivating factor" for the alleged retaliatory conduct. Carter, 292 F.3d at 158. Lehmier has evidence tending to prove that the recommendation was filed late, subsequent to his protected conduct, and that it mentions his protected conduct. Viewing these facts in a light most favorable to Lehmier, a reasonable jury could conclude that the protected conduct was a "substantial or motivating factor" for the recommendation and suspension. Thus, the defendants should not be granted summary judgment on Lehmier's First Amendment retaliation claim.

1. The report and recommendation (Doc. 59) of the magistrate judge is ADOPTED in part and REJECTED in part as follows:

    a. REJECTED insofar as it grants defendants motion for summary judgment on Lehmier's first and fourth causes of action, and

    b. ADOPTED in all other respects.

2. The motion (Doc. 43) for summary judgment filed by Lehmier is DENIED.

3. The motion (Doc. 45) for summary judgment filed by defendants is GRANTED in part and DENIED in part as follows:

    a. DENIED as it pertains to Lehmier's first and fourth causes of action, and

    b. GRANTED in all other respects.

4. The Clerk of Court is instructed to defer entry of judgment until the conclusion of this case.

5. A revised pretrial and trial schedule shall issue by future order of court.

                                                 S/ Christopher C. Conner
                                                 CHRISTOPHER C. CONNER
                                                 United States District Judge