# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THEODORE C. LEHMIER**, | : | CIVIL ACTION NO. 1:09-CV-0478 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **DOUGLAS J. AUSTEN**, | : | |
| **COREY L. BRITCHER**, and | : | |
| **TERRENCE KANE**, | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 14th day of October, 2010, upon consideration of the motion for reconsideration (Doc. 65), filed by defendants Douglas J. Austen, Corey L. Britcher, and Terrence Kane (collectively "defendants"), wherein defendants seek reconsideration of the memorandum and order of court (Doc. 63) dated August 6, 2010 (hereinafter "the August 6 order") on the grounds that the August 6 order should have granted defendants' motion for summary judgment,[1] and it further appearing that the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), that the court possesses inherent power to reconsider its interlocutory orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); Alea N. Am. Ins. Co. v. Salem

---

[1] In its August 6 order, the court denied defendants' summary judgment motion with respect to Lehmier's first and fourth causes of action, both of which presented First Amendment claims, but granted summary judgment in defendants' favor in all other respects. In the pending motion, defendants seek reconsideration of the portion of the court's order denying their motion for summary judgment on Lehmier's First Amendment claims.

Masonry Co. 301 F. App'x 119, 121 (3d Cir. 2008), and that a party may not invoke a motion for reconsideration as a means to relitigate matters of disagreement with the court, see Abu-Jamal v. Horn, No. Civ. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001), nor may a party use a motion for reconsideration to present additional arguments which it could have raised but neglected to raise before the court's decision, see United States v. Jasin, 292 F. Supp. 2d 670, 677 (E.D. Pa. Sept. 15, 2003), and the court concluding that the evidence favoring plaintiff Theodore C. Lehmier ("Lehmier") is sufficient to enable Lehmier's First Amendment claims to survive summary judgment,[2] and the court further concluding that defendants have not demonstrated that the August 6 order contains a manifest error of law or fact,[3]

---

[2] The court's reasons supporting this conclusion are set forth in footnote 3 of its order dated August 6, 2010. (Doc. 63 at 3, n.3).

[3] Defendants contend that the court erred in two respects. Neither of their arguments presents a proper basis for granting reconsideration.
    First, defendants argue that the court erred in finding that the evidence, when viewed in the light most favorable to Lehmier, could permit a reasonable jury to resolve Lehmier's First Amendment claims in his favor. This is a classic example of relitigating a "point of disagreement between the Court and the litigant," Abu-Jamal, 2001 WL 1609761, at *9; see also Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). Reconsideration is not warranted on the basis of this contention. Therefore, and for the reasons stated in its August 6 order, the court will reject this argument.
    Second, defendants assert that Lehmier waived his right to challenge the constitutionality of the revocation of his boating privileges, because he did not raise such a challenge during the administrative proceedings. According to defendants, the court erred by failing to grant judgment on their favor on the basis of this alleged waiver. This argument does not present a proper basis for reconsideration. As noted above, a motion for reconsideration is not a vehicle for parties to relitigate decisions that the court has already made, nor should a motion for reconsideration raise additional arguments which the movant could have made but failed to make earlier. See Jasin, 292 F. Supp. 2d at 676-77. In this case, defendants made only a passing reference to the issue of waiver in their earlier submissions. They noted that the Commonwealth Court quashed Lehmier's appeal on the basis of waiver,

2

nor have they presented newly discovered evidence, it is hereby ORDERED that the motion for reconsideration (Doc. 65) is DENIED.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

---

but they did not seek summary judgment as a result of the alleged waiver. Rather, they argued that, under the Rooker-Feldman doctrine, this court should not permit Lehmier to attack the Commonwealth Court's ruling. (See Doc. 48 at 15-17; Doc. 55 at 3-4). The magistrate judge decided that defendants' Rooker-Feldman argument should be rejected, (Doc. 59 at 25-28), and this court adopted that portion of his report and recommendation, (Doc. 63). The court notes that defendants urged the court to adopt the magistrate judge's recommendation in full. (See Doc. 62 at 9). Therefore, defendants have improperly raised the waiver issue in their motion for reconsideration, and the motion will be denied.